IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JASON LAMAR LEDDON**                                                         **PLAINTIFF**

v.                                             CIVIL ACTION NO.: 3:22-cv-282-CWR-LGI

**SHERIFF BILLIE SOLLIE AND**
**LAUDERDALE COUNTY**                                             **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court *sua sponte*. After consideration of the record and relevant legal authority, the undersigned recommends that this civil action should be dismissed without prejudice.

**I.   BACKGROUND**

On May 27, 2022, *pro se* Plaintiff Jason Lamar Leddon ("Plaintiff"), an inmate of the Lauderdale County Detention Center in Meridian, Mississippi, filed this Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the filing fee; instead he filed a Motion [3] for leave to proceed *in forma pauperis* ("IFP").

On June 22, 2022, the undersigned entered an Order [4] advising Plaintiff of certain provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. 1915; 28 U.S.C. § 1932 and Section 47-5-138 of the Mississippi Code of 1972, for Plaintiff's consideration in determining whether to proceed with this case. *See* Order [4] at 1; 28 U.S.C. § 1915 (*in forma pauperis* provisions); 28 U.S.C. § 1932 (revocation of earned release credit). The Order [4] required Plaintiff to file an Acknowledgment of Receipt or a Notice of Voluntary Dismissal within 30 days. Order [4] at 1. The Order [4] warned Plaintiff that failure to timely comply with its directives or failure to advise this Court of a change of address would result in the dismissal of the Complaint.

1

*Id*. at 2.  On July 5, 2022, Plaintiff filed his signed Acknowledgement of Receipt of Prisoner Litigation Reform Act and Amendments to MCA 47-5-138. *See* Doc. [5]. Plaintiff did not comply with the Court's Order of June 22, 2022 [4].

On November 7, 2022, the Court entered an Order Setting Omnibus Hearing [19] for December 6, 2022 at 4:00 PM. Parties were ordered to appear in Courtroom 6D of the Thad Cochran United States Courthouse, 501 E. Court Street, Jackson, Mississippi 39201 for the hearing. The hearing commenced as scheduled. Plaintiff failed to appear for the hearing as ordered. On December 7, 2022, the undersigned entered an Order to Show Cause [21], which directed that, on or before December 21, 2022, Plaintiff file a written response, showing cause why he failed to appear for the Omnibus Hearing on 12/6/2022 and why he failed to update his address with the Court. On December 15, 2022, the Order [21] was returned to the court as undeliverable.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders.   On January 3, 2023, the undersigned entered a final Order to Show Cause [25], which directed (1) that on or before January 13, 2023, the Plaintiff shall file a written response showing cause why this case should not be dismissed for his failure to fully comply with two Court Orders [19] and [21]; (2) that on or before January 13, 2023, Plaintiff shall comply with the Court's prior Order [21] by providing the required information; and (3) warned Plaintiff that **"his failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff."** *Id*. at 3 (emphasis in original).  Plaintiff failed to respond.

Plaintiff failed to comply with four court orders.   The Court warned Plaintiff – on four occasions – that failure to comply with the Court's orders could lead to the dismissal of this case. *See* Final Order to Show Cause [25] at 2-3; Order to Show Cause [21] at 2; Order of Referral [14];

and Order [4] at 2.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Plaintiff did not comply with four Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit. Plaintiff has not responded or otherwise communicated with the Court regarding his failure to comply with the Court's Orders to Show Cause [21], [25]. Said Court Orders were returned to this Court as undeliverable. It has been brought to the Court's attention that Plaintiff may have been released from incarceration. Plaintiff has not contacted the Court or taken any action in the case as required by the Court's Orders. Such inaction represents a clear record of delay.

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply would result in the dismissal of this case. *See Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 985 F.2d 557, 1993 WL 35716, at * 8 (5th Cir. 1993) (citations omitted) (noting "wide range of lesser sanctions" includes warnings). The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188,

1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. *See Pegues v. PGW Auto-Glass*, 451 F. App'x 417, 418 (5th Cir. 2011) (affirming dismissal for failure to comply, determining there is "nothing [to] suggest[] that further warnings would have been effective"). It is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Within seven (7) days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 6th day of March 2023.

          /s/ LaKeysha Greer Isaac
          UNITED STATES MAGISTRATE JUDGE